NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ZYXEL COMMUNICATIONS CORP.,**
*Appellant*

**v.**

**UNM RAINFOREST INNOVATIONS,**
*Appellee*

---

2023-1272

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2021-00582, IPR2021-00741.

---

Decided:  July 23, 2024

---

JONATHAN IAIN MAX DETRIXHE, Reed Smith LLP, San Francisco, CA, argued for appellant.  Also represented by PETER J. CHASSMAN, MICHAEL JOHN FORBES, Houston, TX.

JAY P. KESAN, DiMuroGinsberg, P.C., Tysons Corner, VA, argued for appellee.  Also represented by CECIL E. KEY; MICHAEL W. SHORE, The Shore Firm, Dallas, TX.

---

Before LOURIE, SCHALL, and TARANTO, *Circuit Judges*.

LOURIE, *Circuit Judge*.

ZyXEL Communications Corporation ("ZyXEL") appeals from a final written decision of the United States Patent and Trademark Office Patent Trial and Appeal Board ("the Board") granting in part patent owner UNM Rainforest Innovations's ("UNMRI") Motion to Amend the claims of U.S. Patent 8,565,326 ("the '326 patent"). *Qualcomm Inc. v. UNM Rainforest Innovations*, IPR2021-00582, 2022 WL 3364565 (P.T.A.B. Aug. 15, 2022) ("*Decision*"). The Board granted the motion to add substitute claims 6, 7, 9, and 10, finding them to have written description support and not to have been shown to be unpatentable, but denied the motion to substitute claim 8, which it found to lack written description support. *Decision* at *22–23. For the following reasons, we *affirm*.

BACKGROUND

ZyXEL petitioned for, and the Board instituted, *inter partes* review ("IPR") of the '326 patent. In addition to opposing ZyXEL's merits arguments, UNMRI filed a Motion to Amend ("Motion") its claims, in which it sought, conditionally, to replace challenged claims 1–5 with new claims 6–10. The Motion pointed to written description support for the limitation that UNMRI sought to add by amendment, but not for any of the originally included limitations. The Motion requested preliminary guidance from the Board pursuant to the Motion to Amend Pilot Program. *See* Notice Regarding a New Pilot Program Concerning Motion to Amend Practice and Procedures in Trial Proceedings under the America Invents Act before the Patent Trial and Appeal Board, 84 Fed. Reg. 9497 (Mar. 15, 2019) ("Notice"). In opposition, ZyXEL argued that the Motion to Amend failed to comply with requirements under 37 C.F.R. §§ 42.121(b), 42.23(b) and *Lectrosonics, Inc. v. Zaxcom, Inc.*, IPR2018-01129, 2019 WL 1118864 (P.T.A.B. Feb. 25, 2019) (designated as precedential by the PTO Director), that a motion to amend must include written description

support for all elements of a proposed amended claim, not just elements proposed to be added by the amendment.

In response to the Motion, the Board issued a Preliminary Guidance finding that UNMRI "d[id] not show a reasonable likelihood that it satisfie[d] the statutory and regulatory requirements associated with filing a motion to amend." J.A. 591–92 (citing 37 C.F.R. §§ 42.121(a)(2)(ii) and 42.121(b)(1)). The Board stated that the Motion was required to include written description support for all claim limitations, not just the proposed new ones, but that UNMRI's Motion had not done so. *Id.* (citing *Lectrosonics*, 2019 WL 1118864, at *3). Despite UNMRI not identifying support for the claims as a whole, the Board still looked at the evidence identified for the new limitation and found that "[t]h[o]se same paragraphs and figures [cited by UNMRI], along with adjacent disclosures at paragraph 66 of [U.S. Patent Application 12/425,004] appear to provide adequate written description support for proposed substitute claims 6, 7, 9, and 10 as a whole." J.A. 592–93. Following the Preliminary Guidance, UNMRI filed a Reply in support of its Motion, providing new citations to the specification to show support for the claims as a whole and ZyXEL filed a Sur-Reply.

In its Final Written Decision, the Board found challenged claims 1–5 unpatentable as obvious. It granted UNMRI's Motion to add proposed new claims 6, 7, 9, and 10, but denied the Motion to add proposed claim 8, finding it lacked written description support. *Decision* at *20. The Board found written description support for claims 6, 7, 9, and 10, relying on evidence identified in UNMRI's Reply. *Id.* It noted that, except for claim 8, ZyXEL did not substantively challenge the written description support and instead only argued that it was presented too late (*i.e.*, in the Reply, rather than in the Motion). *Id.* The Board found that, according to the Motion to Amend Pilot Program Notice, UNMRI was permitted to "respond to the preliminary guidance and to the opposition to the motion to amend,"

and was "permitted to file new evidence, including declarations, with its reply." *Id.* at \*19 (citing Notice at 9501; *Orthofix Med. Inc. v. Spine Holdings, LLC*, IPR2020-01411, 2022 WL 557892, \*31 (P.T.A.B. Feb. 22, 2022)).  Therefore, the Board held, "a patent owner is permitted to supplement its showing that there is support for the proposed substitute claims in a reply." *Id.*  The Board went on to find that claims 6, 7, 9, and 10 had not been shown to be unpatentable as obvious.  *Id.* at \*22–23.

ZyXEL timely appealed.  We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

ZyXEL argues on appeal that the Board's decision to grant-in-part UNMRI's Motion is both an abuse of discretion and contrary to law.  ZyXEL relies on 37 C.F.R. § 42.121(b)(1), *Aqua Prods. Inc. v. Matal*, 872 F.3d 1290, 1311 (Fed. Cir. 2017*)*, *Lectrosonics*, and the Notice, which affirmatively cites § 42.121(b) and *Lectrosonics*.  ZyXEL also raised an identical argument in *ZyXEL Commc'ns Corp. v. UNM Rainforest Innovations*, Case No. 22-2220, which was not designated by the parties as a companion to this case.  It was thus assigned to a different panel and argued on a different day, Tuesday, May 7th, 2024—the day before we heard argument in this case.  That case has since been decided, with a precedential opinion issued, rejecting ZyXEL's argument that the Board erred in granting UNMRI's Motion to Amend.  *ZyXEL Commc'ns Corp. v. UNM Rainforest Innovations*, Case No. 22-2220 (Fed. Cir. July 22, 2024).  On that reasoning, we too, therefore, find that the Board did not legally err or abuse its discretion in granting in part UNMRI's Motion to Amend, or if it did, such error was harmless.  As ZyXEL does not separately appeal the Board's merits determinations that claims 6, 7, 9 and 10 had sufficient written description support and were not shown to have been obvious, we *affirm*.

ZYXEL COMMUNICATIONS CORP. v.                                      5
UNM RAINFOREST INNOVATIONS

## CONCLUSION

We have considered ZyXEL's remaining arguments but find them unpersuasive.  For the foregoing reasons, the decision of the Board is *affirmed.*

### **AFFIRMED**